**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MICHEL TOLIVER,**

                                        **Plaintiff,**

                                                                        **9:12-CV-0077**
                    **v.**                                              **(MAD/ATB)**

**BRIAN FISCHER; et al.,**

                                        **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**MICHEL TOLIVER**
**10-A-4565**
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 19
Romulus, New York 14541

**HON. ERIC T. SCHNEIDERMAN**             **CATHY Y. SHEEHAN, AAG**
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**MAE A. D'AGOSTINO**
**United States District Judge**

**DECISION and ORDER**

**I. INTRODUCTION**

    *Pro se* Plaintiff Michel Toliver commenced this action in January 2012.  Plaintiff's amended

complaint sets forth numerous claims arising out of his confinement at Shawangunk Correctional

Facility ("Shawangunk C.F.").  *See* Dkt. No. 27.  Generally speaking, Plaintiff claims that Defendants

filed false misbehavior reports against him in retaliation for his grievance activity, denied him proper

and adequate medical care, and discriminated against him on the basis of his disability and sexual

orientation. *See id.*

Presently before this Court is a motion from Plaintiff seeking preliminary injunctive relief. *See* Dkt. No. 112.[1]

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See id.* at 35; *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup*

---

[1] Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status, pursuant to 28 U.S.C. § 1915(g), in lieu of a response to the amended complaint. *See* Dkt. No. 104. That motion has been referred to United States Magistrate Judge Andrew T. Baxter for issuance of a report-recommendation.

*Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[2]

In his motion for injunctive relief, Plaintiff claims that on July 11, 2013, he was sexually assaulted by a corrections officer at Five Points Correctional Facility ("Five Points C.F."), where he has been confined since January, 2013.  Dkt. No. 112 at 1.[3]  Plaintiff seeks the issuance of an order of this Court transferring him out of Five Points C. F.  *See id.* ("Please help me get out of here").

At the outset, the Court finds that there is no basis in the present record upon which this Court may grant Plaintiff's request that he be transferred away from Five Points C.F.  It is the Department of Corrections and Community Supervision ("DOCCS"), and not this Court, which determines where Plaintiff will be housed during his period of incarceration.  *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States"); *Olim v. Wakinekoma*, 461 U.S. 238, 248-49 (1983) (holding that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility).  It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail."  *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, *10 (S.D.N.Y. Apr. 23, 1998).

Nevertheless, in light of Plaintiff's *pro se* status, the Court has considered whether he has made

---

[2] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm.  *See* 18 U.S.C. § 3626(a)(2).  In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[3] On September 18, 2013, Plaintiff filed a supplemental submission setting forth additional claims of wrongdoing by staff at Five Points C.F.  *See* Dkt. No. 117.

a showing in support of his motion sufficient to warrant the issuance of any form of injunctive relief, and concludes that he has not.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted); *see also Scarbrough v. Evans*, No. 09-CV-0850, 2010 WL 1608950, *2 (N.D.N.Y. Apr. 20, 2010) (Mordue, C.J.) (denying motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 08-CV-0482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (McAvoy, S.J.) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997); *accord Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Construed liberally, Plaintiff fears that he will be the victim of future acts of physical harm by corrections staff at Five Points C.F. This concern is not related to the claims in the amended complaint, which stem from Plaintiff's confinement at Shawangunk C.F. There are no facts alleged in Plaintiff's motion which plausibly suggest that he fears physical harm from the Defendants in this action.

Moreover, as Defendants correctly maintain in their response in opposition, *see* Dkt. No. 114 at

4

1, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . binds only . . . the parties . . . ."); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, *1 n.1 (N.D.N.Y. June 25, 2008) (Mordue, C.J.). Because the corrections officer who allegedly assaulted Plaintiff is not a party to this action, the Court lacks subject matter jurisdiction to enjoin his conduct. *See Scarbrough*, 2010 WL 1608950, at *2 (citing *Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985)).[4]

As a result, Plaintiff's motion for injunctive relief (Dkt. No. 112) is denied.

### III. CONCLUSION

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 112) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: October 2, 2013
     Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] In addition, because Five Points C.F. is located in Seneca County, within the Western District of New York, *see* 28 U.S.C. § 112(d), claims arising out of Plaintiff's current confinement are properly venued in that District. *See Toliver v. Colvin*, No. 1:12-CV-0227 (W.D.N.Y. filed Mar. 21, 2012) (action by Plaintiff asserting claims arising out of his earlier confinement at Five Points C.F. in 2010-11) (pending).