UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHEL TOLIVER,

                                   Plaintiff,

    vs.                                                         9:12-CV-077 (MAD/ATB)

BRIAN FISCHER, *et al.*,

                                   Defendants.
_____

MICHEL TOLIVER
Plaintiff, *pro se*

CATHY Y. SHEEHAN, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Mae A. D'Agostino, United States District Judge.

Liberally construed, plaintiff's Amended Complaint ("Am. Compl.") (Dkt. No. 27) asserts claims against a number of defendants arising out of his confinement at Shawangunk Correctional Facility. (*See generally* Am. Compl.). Plaintiff alleges that defendants filed false misbehavior reports against him in retaliation for his grievance activity, denied him adequate medical care, and discriminated against him on the basis of his disability and sexual orientation. Plaintiff seeks monetary damages as well as declaratory and injunctive relief.

Currently before the court is defendants' motion pursuant to 28 U.S.C. § 1915(g), seeking to revoke plaintiff's in forma pauperis status and conditionally dismiss the case and to dismiss the complaint as a sanction pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). (Dkt. No. 104). Plaintiff filed a response (Dkt. No. 106) to which defendants replied (Dkt. No. 107). Plaintiff then filed three supplemental affidavits (Dkt. Nos. 109-111) in opposition to the motion.

Defendants argue that plaintiff has previously filed seven federal actions or appeals that were dismissed under circumstances justifying dismissal of this action under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). (Dkt. No. 104-10 at 4-7). Defendants further assert that the action should be dismissed based on plaintiff's misrepresentations in his complaint regarding his litigation history. (Dkt. No. 104-10 at 8-10). Having concluded that plaintiff has not acquired three "strikes" under section 1915(g), this court recommends that defendants' motion to revoke plaintiff's in forma pauperis status and conditionally dismiss the case be denied. The court further concludes that dismissal under Rule 11 is not warranted.

## DISCUSSION

**I. Three Strikes**

    **A. Legal Standards**

The "three strikes" section of the PLRA prohibits the filing of an action in forma pauperis when the plaintiff has had federal actions or appeals dismissed on at least three prior occasions, either for failure to state a claim or for frivolousness. 28

U.S.C. § 1915(g). The purpose of section 1915(g) is to "stem the tide of egregiously meritless lawsuits" by "forcing the prisoner to go through the same thought process non-inmates go through before filing a suit, *i.e.* is filing this suit worth the costs?" *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007) (citations omitted).

Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

An action may be dismissed pursuant to section 1915(g) even if the court originally granted plaintiff in forma pauperis status. *See, e.g., Gamble v. Maynard* 9:06-CV-1543 (DNH/DEP), 2008 WL 150364, at *5 (N.D.N.Y. Jan. 14, 2008) (conditionally dismissing complaint under section 1915(g) and finding that in forma pauperis status was improvidently granted); *Luevano v. Clinton*, 5:10-CV-754 (GTS/ATB), 2010 WL 3338704, at *3 (N.D.N.Y. July 1, 2010). An action is "frivolous" for purposes of the statute if it "'lacks an arguable basis either in law or in fact.'" *Tafari*, 473 F.3d at 442 (citation omitted). In determining whether a dismissal satisfies the failure to state a claim prong of the statute, courts have drawn upon the provisions of Federal Rule of Civil Procedure 12(b)(6) for guidance, in light of the similarity in phrasing utilized in the two provisions. *Id.* The three strikes provision applies to cases that were dismissed for failure to state a claim or for frivolousness even prior to the 1996

3

enactment of section 1915(g). *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000).

A dismissal cannot count as a strike until after the opportunity to appeal has been exhausted or waived. *See, e.g., Partee v. Connolly*, 08 Civ. 4007, 2009 WL 1788375, at *2 (S.D.N.Y. June 23, 2009). If a district court dismisses an action on a ground specified in section 1915(g), and an appellate court simply affirms, together the decisions constitute a single strike. *Id.*; *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436-37 (D.C. Cir. 2007). However, when a district court dismisses an action for any of the reasons set forth under the three strikes statute, and if the subsequent appeal is dismissed as frivolous, then the two decisions count as separate strikes. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (noting that "sequential dismissals on strike grounds can provide separate strikes under § 1915(g)").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent action in forma pauperis unless the plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). This exception to section 1915(g) has been interpreted to apply only if the plaintiff faces imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).

**B.     Analysis**

Plaintiff is a frequent litigator. Based on the court's review of his litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it appears that plaintiff has filed more than 35 actions or appeals since 1992. As Judge D'Agostino noted in her Decision and Order dated May 4,

4

2012, plaintiff had clearly acquired one strike for purposes of the PLRA before he filed the current action (on December 22, 2011).[1] (Dkt. No. 9 at 3). Plaintiff incurred this first strike on April 16, 2007, after filing a civil rights action in the Southern District of New York. *Toliver v. Dep't of Corrections, et al.*, 07-CV-3017, Dkt. No. 3 (S.D.N.Y.). According to the docket entries in that action, 07-CV-3017,[2] the district court dismissed this action *sua sponte*, because it failed "to state a claim on which relief may be granted." (*Id.* at Dkt. Entry No. 3).

Defendants assert that in addition to that dismissal, plaintiff has acquired six other strikes:

1. *Toliver v. McDonald, et al.,* 92-CV-5982 (S.D.N.Y.);

2. *Toliver v. Fountoulakis, et al.,* 07-CV-2496 (S.D.N.Y.);

3. *Toliver v. Dep't of Corrections, et al.,* 07-CV-7672 (S.D.N.Y.);

4. *Toliver v. New York District Attorneys, et al.,* 10-CV-7711 (S.D.N.Y.);

5. *Toliver v. City of New York, et al.,* 10-CV-8375 (S.D.N.Y.); and

6. *Toliver v. New York State, et al.,* 11-CV-4330 (S.D.N.Y.).

(Dkt. No. 104-10 at 5). The court finds that at the time plaintiff filed this complaint, he had not accumulated three or more "strikes" under section 1915(g) and that his

---

[1] Defendants assert that the action was "commenced on January 17, 2012." (Dkt. No. 104-10 at 3). However, the complaint is dated December 22, 2011 (Dkt. No. 1 at 13), and, under the prisoner mailbox rule, the document is deemed filed on the date appearing on its face. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993).

[2] The district court's order is not available in the electronic PACER system. This court may rely on the docket entries to determine whether PLRA's three strikes limitation applies, so long as they indicate "with sufficient clarity" the grounds under which the prior suit was dismissed. *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010).

action is not subject to dismissal under that provision of the PLRA.[3]

*Toliver v. McDonald, et al.*, 92-CV-5982 (S.D.N.Y.) and *Toliver v. New York State, et al.*, 11-CV-4330 (S.D.N.Y.) were both apparently filed by plaintiff as actions pursuant to 42 U.S.C. § 1983, however, the court considered each to be a petition for a writ of habeas corpus. *See* 92-CV-5982, Dkt. Entry No. 2 (dismissing the complaint "which was treated as a petition for a writ of habeas corpus relief"); 11-CV-4330, Dkt. No. 4 (ordering amendment and noting that plaintiff sought no monetary damages, instead challenging his 2010 conviction), Dkt. No. 6 (dismissing the amended petition for a writ of habeas corpus as premature). The Second Circuit has held that dismissals of habeas petitions filed pursuant to sections 2254 or 2255 cannot constitute strikes for purposes of the PLRA. *Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013) ("[D]ismissals of habeas petitions challenging the prisoner's conviction or the duration of his confinement should not be considered strikes for purposes of the PLRA."). Consequently, this court will not consider these dismissals "strikes" because they were considered by the Southern District of New York to be habeas petitions, not civil rights actions.

Defendants also argue that the dismissal of *Toliver v. Fountoulakis, et al.*, 07-CV-2496 (S.D.N.Y.) constitutes a strike because the docket sheet states that the

---

[3] The court notes, however, that since the time he filed this action, plaintiff appears to have acquired at least three additional strikes. *See, e.g., Toliver v. City of New York, et al.,* 12-CV-0964 (S.D.N.Y.) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Toliver v. City of New York, et al.*, 12-1855 (2d Cir.) (dismissed as lacking an arguable basis in law or fact); *Toliver v. New York City Dep't of Corrections, et al.*, 12-4992 (2d Cir.) (dismissed as lacking an arguable basis in law or fact).

complaint was dismissed pursuant to section 1915(e)(2). (Dkt. No. 104-10 at 6). However, as plaintiff correctly observes (Dkt. No. 106 at 5), a review of the Order of Dismissal clarifies that the action was dismissed without prejudice because plaintiff failed to submit a completed Prison Authorization form. 07-CV-2496, Dkt. No. 3 at 2 (attached as Ex. A). Similarly, *Toliver v. Dep't of Corrections, et al.*, 07-CV-7672 (S.D.N.Y.) was dismissed for failure to comply with the filing fee requirements. 07-CV-7672, Dkt. No. 3 (dismissing the action following plaintiff's failure to submit an application to proceed in forma pauperis or pay the filing fee within thirty days of the court's compliance order) (attached as Ex. B). Neither was "dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). District courts in the Second Circuit have declined to find that a dismissal for failure to prosecute would be considered a strike for purposes of 28 U.S.C. § 1915(g). *See, e.g., McNair v. Kelly*, No. 13 Civ. 728, 2013 WL 4574247, at *1 (S.D.N.Y. Aug. 22, 2013) (finding that dismissals for failure to prosecute and procedural failures did not constitute strikes); *Toliver v. Perri*, No. 10 Civ. 3165, 2011 WL 43461, at *2-3 (S.D.N.Y. Jan. 6, 2011).

Defendants contend that plaintiff also acquired a strike when *Carrion, et al. v. City of New York, et al.*, 10-CV-8375 was dismissed. (Dkt. No. 104-10 at 7). In response, plaintiff asserts that he did not give authorization for his name to appear in this "class-action." (Dkt. No. 106 at 7). The court has reviewed the application to proceed in forma pauperis, the prisoner authorization form, and the complaint. 10-CV-8375, Dkt. Nos. 1, 2 (attached as Ex. C). There is no indication in any of these

7

documents that plaintiff intended to be a part of that action. *See id.* The complaint identifies Toliver as a plaintiff, but is not signed by Toliver. *Id.* at Dkt. No. 2. Instead, all three documents are completed by Stephen Risi. *Id.* The factual allegations appear to be drafted by Risi and relate to Risi and Carrion, not Toliver. *Id.* Moreover, the Order of Dismissal notes that the action was brought by Risi on behalf of Carrion, and was not signed by Toliver or Carrion. *Id.*, Dkt. No. 3 (attached as Ex. D). Accordingly, the court finds that this action was not brought by plaintiff, and will not consider the dismissal a strike for purposes of section 1915(g).

*Toliver v. New York District Attorneys, et al.*, 10-CV-7711 (S.D.N.Y.) was dismissed as duplicative of another case filed by plaintiff. 10-CV-7711, Dkt. No. 3 (attached as Ex. E). In the Order of Dismissal, the Southern District of New York explained that "no useful purpose would be served by litigating this repeat filing," dismissed it as "duplicative," and directed the Clerk not to collect the filing fee. *Id.* The court also notes that plaintiff asserts that he "personally informed the court of [his] error after realizing [he] submitted this complaint twice accidentally." (Dkt. No. 111 at 8). The court doubts that under these circumstances this dismissal could be considered a strike for purposes of section 1915(g). However, the court does not need to decide this issue because even assuming, arguendo, that it could be considered a strike, it would only be plaintiff's second.

## II.  Rule 11

### A.  Legals Standards

Under Rule 11, whenever a signed pleading or "other paper" is submitted to the

8

court, the attorney or pro se litigant certifies, *inter alia*, that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay . . . [and]
> (3) the factual contentions have evidentiary support . . . .

Fed. R. Civ. P. 11(b). In order to justify Rule 11 sanctions, it must appear that the lawyer or pro se litigant "sign[ed] a pleading, motion, or other paper for an improper purpose . . . or [did] so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law . . . ." *Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994).

To comply with Rule 11's procedural requirements, a party must make its motion for sanctions separate from other motions or requests, describe the specific conduct alleged to violate Rule 11(b), provide notice to opposing counsel, and serve the motion at least twenty-one days prior to filing the motion with the court. Fed. R. Civ. P. 11(c)(2); *see also*, *Langdon v. County of Columbia*, 321 F. Supp. 2d 481, 484 (N.D.N.Y. 2004); *Kron v. Moravia Central School Dist.*, No. 5:98-CV-1876, 2001 WL 536274, at *3 (N.D.N.Y. May 3, 2001). The twenty-one day period between notice and filing is referred to as a "safe harbor" because the opposing party may avoid sanctions by withdrawing or correcting the offending material during this period.

The imposition of sanctions is a discretionary decision. *Margo v. Weiss*, 213 F.3d 55, 64 (2d Cir. 2000). That discretion should be exercised with caution, and sanctions imposed only when it is patently clear that one has engaged in improper

conduct. *Cerrone v. Cahill*, 95-CV-241, 2001 WL 1217186, at *16 (N.D.N.Y. Sept. 28, 2001). Whether conduct is sanctionable is subject to a test of objective unreasonableness. *Margo*, 213 F.3d at 64-65; *see also, Binghamton Masonic Temple, Inc. v. Bares* 168 F.R.D. 121, 126-27 (N.D.N.Y. 1996).

A sanction imposed under Rule 11 must be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(b)(4). The court must be mindful that the main thrust of Rule 11 sanctions is deterrence. *Margo*, 213 F.3d at 64-65; *Ehrich v. Binghamton City School District*, 210 F.R.D. 17 (N.D.N.Y. 2002). A court has the discretion to dismiss an action with prejudice as a sanction pursuant to Rule 11, although this harsh sanction should be imposed only in extreme circumstances where the court is sure that lesser sanctions will be ineffective. *See, e.g., Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-18 (S.D.N.Y. 2003) (collecting cases).

**B. Analysis**

Here, defendants have combined the Rule 11 motion with their motion to revoke plaintiff's in forma pauperis status and conditionally dismiss the action. They do not appear to have provided plaintiff with the twenty-one day safe harbor period. Defendants' motion for sanctions is subject to denial on this procedural basis alone.

Turning to the merits, defendants assert that the court should dismiss plaintiff's complaint based on his "material misrepresentations" regarding his litigation history. (Dkt. No. 104-10 at 8). Generally, information about a pro se litigant's previous cases is considered material because it allows the court to determine: (1) if the issues in the

case have been previously litigated and decided; (2) if plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g); (3) if plaintiff has a record of frivolous litigation sufficient to warrant a "bar order;" and (4) if plaintiff's litigation experience is so extraordinary that the court need not afford him the special solicitude normally afforded to *pro se* litigants. *Bell v. Lasacelli*, No. 08-CV-0287A, 2009 WL 1032857, at *3 (W.D.N.Y. Apr. 13, 2009) (citation omitted).[4]

In his complaint and amended complaint, plaintiff admitted that he has filed lawsuits in the past, and identified seven that were filed in 2010 and 2011. (Compl. at 9, 14; Am. Compl., at 10, 15). As noted above, plaintiff has a far more extensive litigation history than the seven actions identified in his complaint. Although the form asks for a description of all prior lawsuits, and the court does not condone the omission, the court does not find plaintiff's failure to list all of his prior lawsuits so unreasonable as to require the imposition of sanctions.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED,** that defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g) (Dkt. No. 104) be **DENIED**, and it is further

**RECOMMENDED,** that defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (Dkt. No. 104) be **DENIED**, and it is further

**RECOMMENDED,** that if the District Court adopts this recommendation, the

---

[4] Although defendants contend that the court granted plaintiff's in forma pauperis application based, at least in part, on plaintiff's misrepresentations (Dkt. No. 104-10 at 3), it is clear that the court undertook its own review and analysis of plaintiff's litigation history. (*See* Dkt. No. 9 at 3).

11

defendants be ordered to answer or otherwise respond to plaintiff's amended complaint (Dkt. No. 27) within twenty-one (21) days of the District Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

**Dated:** October 29, 2013

*[signature: Andrew T. Baxter]*

**Andrew T. Baxter**
**U.S. Magistrate Judge**