**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHEL TOLIVER,**

                                        **Plaintiff,**

        **vs.**                                                    **9:12-CV-77**
                                                                   **(MAD/ATB)**

**BRIAN FISCHER,** *New York State Commissioner*
*of DOCCS*; **JOSEPH T. SMITH,** *Superintendent*
*of Shawangunk Correctional Facility*; **W. MALY,**
*Deputy of Security, Shawangunk Correctional*
*Facility*; **J. STEFINIK,** *Correction Officer,*
*Shawangunk Correctional Facility*; **J. GARDNER,**
*Lieutenant Hearing Officer, Shawangunk*
*Correctional Facility*; **STONE,** *Corrections*
*Officer, Shawangunk Correctional Facility*;
**LUCIEN J. LECLAIRE,** *Deputy Commissioner of*
*DOCCS*; **SGT. AUBE,** *Sgt. In House Unit,*
*Shawangunk Correctional Facility*; **GAYE (JOHN**
**DOE),** *Corrections Officer, Shawangunk*
*Correctional Facility*; **KEYS,** *Corrections Officer,*
*Shawangunk Correctional Facility*; **L. PINGOTT,**
*Captain (Security), Shawangunk Correctional*
*Facility*; **D. DEGRAFF,** *Corrections Officer,*
*Shawangunk Correctional Facility*; **SERGEANT**
**PRESTON,** *Sergeant Corrections, Shawangunk*
*Correctional Facility*; **R. CUTLER,** *Corrections*
*Officer, Shawangunk Correctional Facility*;
**BUDZISZEWSKI,** *Corrections Officer,*
*Shawangunk Correctional Facility*; **R. KANE,**
*Corrections Officer, Shawangunk Correctional*
*Facility*; **C.O. NORTH;** and **J. PETERSON,**

                                        **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**MICHEL TOLIVER**
**10-A-4565**
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

By his complaint in this action, Plaintiff asserts claims for the violation of his

constitutional rights arising out of his confinement at Shawangunk Correctional Facility

("Shawangunk C.F.").  Plaintiff states that he was transferred to Shawangunk C.F. in February of

2011, and assigned to a housing unit which was not wheelchair accessible.  *See* Dkt. No. 1 at 15-

17.  Plaintiff was told that his wheelchair had to be kept in a bin in a storage room and retrieved

from that location whenever Plaintiff required it to move around the facility.  *See id*. at 15-16.

Plaintiff's repeated requests for inmate assistance with storing and retrieving his wheelchair were

denied.  *See id*. at 16-17.  As alleged, Plaintiff was injured on several occasions during this period

when he was attempting to store or retrieve his wheelchair.  *See id*. at 17-22. Throughout this

period, Plaintiff filed numerous grievances regarding the conditions of his confinement.  In

addition, as many as nine misbehavior reports were issued to Plaintiff.  *See id*. at 22-24.  Plaintiff

claims that Defendants filed false misbehavior reports against him in retaliation for his grievance

activity, denied him proper and adequate medical care, and discriminated against him on the basis

of his disability and sexual orientation.  *See id*. at 8.  Plaintiff seeks an award of monetary

damages, as well as declaratory and injunctive relief.  *See id*. at 13.

On March 12, 2013, Defendants filed a motion seeking dismissal pursuant to 28 U.S.C. §

1915 and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* Dkt. No.

104.  In their motion, Defendants ask the Court to revoke Plaintiff's *in forma pauperis* status and

conditionally dismiss the case because Plaintiff has previously filed seven federal actions or

appeals that were dismissed in such a manner that they should be deemed strikes for purposes of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 104-10 at 4-7. Further, Defendants argue that this action should be dismissed because of Plaintiff's misrepresentations in his complaint regarding his litigation history. *See id.* at 8-10.

On October 29, 2013, Magistrate Judge Baxter issued a Report-Recommendation in which he recommends that the Court deny Defendants' motion in its entirety. *See* Dkt. No. 120. Magistrate Judge Baxter first reviewed Plaintiff's lengthy litigation history and determined that, despite having filed more than thirty-five actions or appeals since 1992, only one of them qualifies as a "strike" for purposes of the PLRA. *See id.* at 4-8. Next, Magistrate Judge Baxter found that Defendants' Rule 11 motion is subject to denial because they failed to provide Plaintiff with the twenty-one day safe harbor period required by the Rule. *See id.* at 10. Finally, Magistrate Judge Baxter recommended that the Court deny the Rule 11 motion on the merits as well. *See id.* at 10-11. Specifically, the Report-Recommendation finds that Plaintiff has a far more extensive litigation history than the seven actions identified in the complaint. *See id.* at 11. Nevertheless, Magistrate Judge Baxter finds that although the standard form complaint "asks for a description of all prior lawsuits, and the court does not condone the omission, the court does not find plaintiff's failure to list all of his prior lawsuits so unreasonable as to require the imposition of sanctions." *See id.*

Currently before the Court is Magistrate Judge Baxter's October 29, 2013 Report-Recommendation, to which neither party has objected.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the October 29, 2013 Report-Recommendation, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that the Court should deny Defendants' motion in its entirety. Although Plaintiff does have an extensive litigation history, at the time he filed this lawsuit he had acquired only one strike for purposes of the PLRA. *See Toliver v. Dep't of Corrections*, No. 07-CV-3017, Dkt. No. 3 (S.D.N.Y. 2007). The remaining cases Defendants cite do not qualify as strikes. Several of the cases, although filed as civil rights complaints, were treated as petitions for a writ of habeas

corpus. *See* Dkt. No. 120 at 6. The Second Circuit has held that dismissal of such cases cannot constitute strikes for purposes of the PLRA. *See Jones v. Smith*, 720 F.3d 142, 147 (2d Cir. 2013). Other cases cited were dismissed for Plaintiff's failure to submit a completed Prison Authorization Form and for Plaintiff's failure to comply with the filing fee requirements. *See* Dkt. No. 120 at 6-7 (citing cases). District courts in the Second Circuit have declined to find that a dismissal for failure to prosecute constitutes a strike for purposes of 28 U.S.C. § 1915(g). *See McNair v. Kelly*, No. 13 Civ. 728, 2013 WL 4574247, *1 (S.D.N.Y. Aug. 22, 2013). Moreover, Magistrate Judge Baxter properly determined that a class action in which Plaintiff appears to have not given authorization for his name to appear should not be a frivolous action attributable to Plaintiff. *See* Dkt. No. 120 at 7-8.

Finally, as to the motion for sanctions, Magistrate Judge Baxter correctly determined that Defendants failed to provide Plaintiff with the twenty-one day safe harbor period, which alone warrants denial of the motion. *See Fierro v. Gallucci*, 423 Fed. Appx. 17, 18-19 (2d Cir. 2011) (finding that the district court "was required to deny plaintiffs' motion for sanctions for failure to comply with the 21-day 'safe harbor,' which requires Rule 11 motions to be served on the opposing party 21 days prior to their filing, in order to afford that party an opportunity to withdraw their allegedly sanctionable claims") (citations omitted).

After carefully considering Magistrate Judge Baxter's Report-Recommendation and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's October 29, 2013 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 104) is **DENIED**; and the Court further

**ORDERS** that Defendants shall answer or otherwise respond to Plaintiff's amended

complaint (Dkt. No. 27) within **TWENTY-ONE (21) DAYS** from the filing date of this Order; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2014
      Albany, New York

**Mae A. D'Agostino**
**U.S. District Judge**