**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MICHEL TOLIVER,**

                                        **Plaintiff,**

                                                                    **9:12-CV-0077**
                    **v.**                                          **(MAD/ATB)**

**BRIAN FISCHER; et al.,**

                                        **Defendants.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**MICHEL TOLIVER**
**10-A-4565**
Five Points Correctional Facility
Caller Box 19
Romulus, New York 14541
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**          **CATHY Y. SHEEHAN, AAG**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

**MAE A. D'AGOSTINO**
**United States District Judge**

## DECISION and ORDER

### I. INTRODUCTION

Plaintiff Michel Toliver commenced this action in January of 2012. Plaintiff's amended complaint set forth numerous claims arising out of his confinement at Shawangunk Correctional Facility ("Shawangunk C.F."). *See* Dkt. No. 27. Generally speaking, Plaintiff claims that Defendants filed false misbehavior reports against him in retaliation for his grievance activity, denied him proper and adequate medical care, and discriminated against him on the basis of his disability and sexual

orientation. *See id.*

In lieu of an answer, Defendants filed a motion seeking dismissal of this action pursuant to 28 U.S.C. § 1915(g), and a motion for sanctions. *See* Dkt. No. 104. In a Decision and Order filed February 3, 2014, this Court adopted the Report-Recommendation (Dkt. No. 120) issued by United States Magistrate Judge Andrew T. Baxter in its entirety and denied Defendants' motions. Dkt. No. 129. Defendants' response to the amended complaint is due April 10, 2014. Dkt. No. 131.

Presently before this Court are several motions from Plaintiff seeking preliminary injunctive relief, *see* Dkt. Nos. 121, 122, 123; as well as a letter motion seeking compensatory, nominal and punitive damages. *See* Dkt. No. 132.

## II. DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010) (citation omitted). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id*. at 35 (citation omitted); *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is

2

even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[1]

In his first motion for injunctive relief, Plaintiff seeks an order of this Court directing his removal from Shawangunk Correctional Facility where he was then confined. *See* Dkt. No. 121. As alleged, Plaintiff was being discriminated against and mistreated at that facility. *See id*. at 1-4. In his motion, Plaintiff complains that C.O. Korines (not a defendant) wrote a false misbehavior report against him; none of the named Defendants in this action are alleged to have engaged in specific acts of misconduct. *Id*.

In his second motion for injunctive, Plaintiff states that during the period October to November, 2013, three false misbehavior reports were issued against him in retaliation for his grievance activity and for the present lawsuit. *See* Dkt. No. 122 at 2. Plaintiff does not allege that these misbehavior reports were issued by one or more of the named Defendants. *Id*. at 4.[2] Plaintiff also claims that he was denied the opportunity to appear before the Time Allowance Committee in connection with his November 2013 conditional release date, in contravention of governing

---

[1] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[2] Plaintiff states that Defendant Gardner served as the hearing officer on one of the reports, but does not allege that he was denied due process at the hearing (or that he was found guilty of the charges against him). Dkt. No. 122 at 4-5. Plaintiff's claim that Gardner was verbally abusive towards him does not afford any basis for the issuance of injunctive relief.

regulations and DOCCS Directives. *Id*. at 2-3.[3] Plaintiff seeks an order of this Court enjoining Defendants from retaliating against him. *Id*. at 5.

Plaintiff's third motion, filed November 25, 2013, seeks preliminary injunctive relief directing his release from custody. Dkt. No. 123. As alleged, Plaintiff was not released on November 13, 2013 (his conditional release date), even though he had not appeared before the Time Allowance Committee. *Id*. at 1-2. Plaintiff does not identify in his motion the individuals involved in the determination of his release status.[4] Plaintiff also complains of ongoing retaliation by officers at Shawangunk C.F. *Id*. at 2.[5]

Plaintiff's fourth motion, filed February 26, 2014, claims that his safety and well being are in jeopardy at Five Points C.F. *See* Dkt. No. 132 at 2. Plaintiff claims that he was assaulted by "the same officer who was the subject of two separate Inspector General investigations involving both sexual and physical assaults and I was the victim." *Id.* at 2-3. Further, Plaintiff claims that he was thrown out of his wheel chair, "shocked, handcuffed and waist chained." *Id.* at 3. He states that he already has an action pending against Five Points C.F. *See id.* at 3 (citing No. 12 Civ. 227). Plaintiff asks for "any assistance the Court may find appropriate." *See id.* Finally, Plaintiff seeks "to include" compensatory, nominal, and punitive damages "along with Plaintiff's complaint." *Id.* at 4.

---

[3] Plaintiff acknowledges that he had a recommended loss of six months good time credit due to a disciplinary infraction at Five Points C.F., and states that he had been recently informed that he would not be released until the maximum expiration of his sentence. Dkt. No. 122 at 2-3.

[4] In his reply in to Defendants' opposition to his third motion for injunctive relief, Plaintiff identifies Shawangunk C.F. ORC Kober and Deputy Superintendent Andrews as having been involved in his conditional released determination. *See* Dkt. No. 127. Neither of these individuals is a defendant in this action.

[5] Plaintiff states that false misbehavior reports were filed against him. *See* Dkt. No. 123 at 2. The only officer mentioned by name is C.O. Korines; this officer is not a defendant in this action. *See id*.

4

Defendants oppose these motions.  *see* Dkt. Nos. 124, 125, 126.

At the outset, the Court notes that on January 2, 2014, Plaintiff informed the Clerk of the Court that he had been transferred to Five Points Correctional Facility.  Dkt. No. 128.  "'It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility.'"  *Sweeper v. Taylor*, 383 Fed. Appx. 81, 82 (2d Cir. 2010) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)); *see also Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (same).  As a result of Plaintiff's transfer from Shawangunk C.F. to Five Points C.F., his claims for preliminary injunctive relief against further acts of misconduct by corrections staff at Shawangunk C.F. are moot and his motions are denied.

The Court notes, moreover, that Plaintiff's motions must also be denied insofar as he seeks relief from alleged misconduct by persons other than the named Defendants.  As Defendants correctly maintain, *see* Dkt. No. 126 at 1, except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action.  *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction . . . binds only . . . the parties . . . .");  *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, *1 n.1 (N.D.N.Y. June 25, 2008) (Mordue, C.J.).  Plaintiff's claims that persons other than the named Defendants issued false misbehavior reports against him and improperly denied his conditional release in November 2013 are not before the Court in this action and afford no basis for the issuance of preliminary injunctive relief.[6]  Similarly, Plaintiff's fourth motion must be denied since that motion pertains to his time at Five Points C.F., but the amended complaint pertains only to his confinement at Shawangunk C.F.  Finally, to the

---

[6] Plaintiff is of course free to pursue claims against the individuals responsible for this alleged wrongdoing through DOCCS administrative procedures and, if necessary, by means of a properly filed action.

extent that Plaintiff is asking to amend his amended complaint to contain claims for monetary damages, the request is denied since the amended complaint already seeks "punitive, monetary damages against defendants," as well as "monetary relief, compensatory relief, punitive, direct, special, actual, consequential, substantial, proximate and nominal damages[.]"  Dkt. No. 27 at 14.[7]

       Based upon the foregoing, Plaintiff's motions (Dkt. Nos. 121, 122, 123 and 132) are denied.


### III. CONCLUSION

       **WHEREFORE**, the Court hereby

       **ORDERS** that Plaintiff's motions for preliminary injunctive and other relief (Dkt. No. 121, 122, 123 and 132) are **DENIED**; and the Court further

       **ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated:  April 2, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[7] The Court also notes that Rule 54(c) of the Federal Rules of Civil Procedure provides as follows: "Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."