**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICHAEL TOLIVER,**

                               **Plaintiff,**

      **vs.**                                 **9:12-CV-00077**
                                        **(MAD/ATB)**

**BRIAN FISCHER, ET AL. ,**

                              **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**MICHAEL TOLIVER**
**10-A-4565**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**          **CATHY Y. SHEEHAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants
      (except Defendant North)

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On January 17, 2012, Plaintiff commenced this civil rights action, pursuant to 42 U.S.C. §

1983, alleging that twenty employees of the New York State Department of Corrections and

Community Supervision ("DOCCS") violated his constitutional rights during his confinement at

the Shawangunk Correctional Facility ("Shawangunk").  Dkt. No. 1.  By Decision and Order

dated May 3, 2012, this Court dismissed, _sua sponte_, Defendants Schneiderman, Bellamy, and

Prack from the action because the complaint did not state facts suggesting their personal involvement in the alleged violations of Plaintiff's constitutional rights. Dkt. No. 9 at 8-10.

On June 28, 2012, Plaintiff filed an amended complaint (Dkt. No. 27), which, by Decision and Order dated December 6, 2012 (Dkt. No. 85), this Court accepted for filing against seventeen of the original Defendants, as well as Correction Officer ("C.O.") North, who was not named in the original complaint. Liberally construed, the surviving claims in Plaintiff's amended complaint include (1) a First Amendment claim, based on Defendants' alleged filing of false misbehavior reports against Plaintiff, in retaliation for his pursuit of complaints, grievances, appeals, and Article 78 actions; (2) an equal protection claim based on alleged discrimination against Plaintiff because of his race, disability, and/or sexual orientation; (3) a conspiracy claim related to the retaliation and discrimination claims; (4) a Fourteenth Amendment claim alleging denial of procedural due process in connection with various disciplinary proceedings; and (5) an Eighth Amendment claim for failure to provide adequate medical care. Dkt. No. 27 at 8-9, 35. Plaintiff seeks both monetary and injunctive relief. Dkt. No. 27 at 14.

Defendants filed a motion, pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Plaintiff's amended complaint in its entirety, on behalf of all but one of the remaining Defendants. *See* Dkt. No. 134.[1] Plaintiff responded to the motion to dismiss, and defense counsel chose not to file a reply. Dkt. No. 145; Dkt. No. 150. On November 17, 2014, Magistrate Judge Baxter issued a Report-Recommendation recommending that the Court grant-in-part and deny-in-part Defendants' motion to dismiss. Dkt. No. 155.

Currently before the Court are Plaintiff's objections to Magistrate Judge Baxter's Report-

---

[1] C.O. North, who is no longer an active DOCCS employee (Dkt. No. 91), has not been served with the amended complaint and is not currently represented in this action.

Recommendation. Dkt. No. 159. Also before the Court are Plaintiff's requests for a temporary restraining order, requests for sanctions, and an order against further retaliation resulting from the current lawsuit. Dkt. Nos. 161, 163, 167 & 168. Defendants have opposed Plaintiff's motions. Dkt. No. 166.

## II. BACKGROUND

### A.    Facts and Contentions

For an overview of the facts and contentions, refer to Magistrate Judge Baxter's Report-Recommendation. *See* Dkt. No. 155 at 3-5.

### B.    Magistrate Judge Baxter's November 17, 2014 Report-Recommendation

In his Report-Recommendation, Magistrate Judge Baxter recommended that the Court should grant Defendants' motion to dismiss in regard to Defendants Fischer, Maly, and LeClaire, and as to Plaintiff's conspiracy claim. *See* Dkt. No. 155. Magistrate Judge Baxter further recommended that the remainder of the motion to dismiss be denied. *See id.*

Specifically, Magistrate Judge Baxter recommended that Defendants Fischer, LeClaire, and Maly should be dismissed "because [P]laintiff has not adequately alleged that they were personally involved in any constitutional violations. However, the allegations of personal involvement with respect to [D]efendants Smith and Pingott are adequate . . . ." Dkt. No. 155 at 6-7. Next, Magistrate Judge Baxter recommends that the retaliation charge involving Defendant Budziszewski stand, because "[t]he allegations . . . state a plausible claim of retaliation that cannot be dismissed under Rule 12(b)(6)." *Id.* at 18. The Report-Recommendation did not address the retaliation charge against Defendant North, because "[D]efendant North has not

appeared in this case and is not a party to the pending Rule 12(b)(6) motions . . . ." *Id.* at 18 n.17.

Additionally, Magistrate Judge Baxter found that Plaintiff's equal protection claim is adequate to survive a Rule 12(b)(6) motion because Plaintiff's allegations "are sufficient to state a 'class of one' equal protection claim, and perhaps a discrimination claim based on race and/or sexual orientation." *Id.* at 22. Magistrate Judge Baxter recommended that the conspiracy claim be dismissed under the "intracorporate conspiracy doctrine," because conclusory allegations by Plaintiff of Defendants' "'personal' agenda" are not sufficient to plausibly suggest that Defendants acted outside the scope of their employment. *Id.* at 25.

Due to Plaintiff's allegations, including that the hearing officer said to Plaintiff "[e]very time you get a ticket you will be found guilty regardless. . . . I ain't fair and impartial[,]" Magistrate Judge Baxter found Plaintiff has stated a plausible denial of procedural due process claim. *Id.* at 27; Dkt. No. 27 at 57. Finally, Magistrate Judge Baxter recommended that the Court deny the motion to dismiss in regard to Plaintiff's deliberate indifference claim because, at this stage, Plaintiff's allegation "that he suffered extreme pain for approximately 30 minutes before the identified defendants allowed him to get medical attention[,]" is sufficient to survive the motion. Dkt. No. 155 at 31.


## C.    Plaintiff's objections

Plaintiff first objects to the dismissal of Defendant Maly from the lawsuit. Dkt. No. 159 at 2. He "seeks to supplement the complaint to detail [additional] constitutional deprivations." *Id.* According to the Report-Recommendation, "[t]he only specific allegation in the amended complaint regarding [D]efendant Maly is that, as Acting Superintendent, he denied one of [P]laintiff's grievances . . . ." *Id.* at 9. Plaintiff wishes to add that "Defendant [Maly] sent

4

plaintiff to 'S.H.U.' for <u>90 days</u> in direct retaliation to this lawsuit . . . ."  Dkt. No. 159 at 2.

Plaintiff next objects to the dismissal of Defendant Fischer from the lawsuit.  *Id.* at 3.  Plaintiff has not introduced any new arguments and simply repeats arguments Magistrate Judge Baxter's Report-Recommendation has already addressed.  *Id.*  This includes "allowing a pattern o[f] retaliation and discrimination by ignoring plaintiff's various grievances and Article 78 proceedings."  *Id.*

Third, Plaintiff objects to the dismissal of Defendant LeClaire from the lawsuit.  Dkt. No. 159 at 4.  Plaintiff alleges Defendant LeClaire condoned the retaliatory conduct of officers under his command, and that he "knew or should have known of the continued constitutional violations . . . ." *Id.*

Finally, Plaintiff objects to the dismissal of the conspiracy claim, and alleges that Defendants "had a meeting of the minds in their individual capacities for a common goal."  *Id.* at 5.  Plaintiff further claims that "Defendants . . . conspire[d] with each other to hurt plaintiff, to keeplock plaintiff, to place plaintiff in SHU, [and] to take all privileges away from plaintiff . . . ." *Id.*

**D.      Plaintiff's December 22, 2014, and December 29, 2014 requests for preliminary injunctive relief and sanctions**

Plaintiff requests a preliminary injunction to place him in protective custody, and he requests sanctions against Defendants for each day he remains outside protective custody.  Dkt. No. 161 at 3-4.  Plaintiff claims he "is in danger [and he has] been forced to live in general population where [his] enemies are."  *Id.* at 3.  He also claims that Defendants refused to place Plaintiff back in protective custody so that he "can get physically assaulted."  *Id.* at 2.  Finally, Plaintiff seeks an order against further retaliation resulting from this lawsuit.  *Id.* at 4.

In a submission filed seven days later, Plaintiff again requests sanctions, a temporary restraining order, and an order against further retaliation due to the current proceedings. Dkt. No. 163 at 1. Plaintiff states that on December 18, 2014, "Defendants Keys, Sarkowicz, Korines, and co-working 'friends'" came to his cell and threatened his life, continued to file false misbehavior reports, and threatened to break his neck due to his participation in a hunger strike. *Id.* at 2. Plaintiff also claims that inmates who remember him from before his placement in protective custody "reminded [him] that 'the first opportunity to get [him] for snitching [he] will be "done off."'" *Id.* at 3.

Defendants oppose Plaintiff's requests injunctive relief. Specifically, Defendants argue that "Plaintiff's request should be denied because the requested relief does not relate to any of the allegations of the underlying amended complainant or the proposed second amended complaint." Dkt. No. 166 at 1. Defendants further argue that Plaintiff's allegations are entirely speculative, and that these complaints "should be addressed through administrative channels at Shawangunk Correctional Facility . . . ." *Id.* at 2.

**E.     Plaintiff's January 5 and 11, 2015 requests for sanctions and injunctive relief**

In a letter request dated January 5, 2015, Plaintiff requests "additional sanctions for "further" retaliation . . . as [he] was thrown out of [his] wheelchair[,] punched in the face and slapped and kicked by C.O. Stokes on December 22, 2014." Dkt. No. 167 at 2. Plaintiff also requests that the Court order his transfer from his current facility due to the alleged assault by C.O. Stokes, who is not a Defendant in this matter. *Id.* at 3. Plaintiff notes that Defendant Gardner "has recently issued a disposition placing [him] in keeplock with 30 days loss of all privileg[es] without" the required procedural due process. *Id.* at 4. Finally, Plaintiff alleges that

the prison medical personnel refuse to examine him, and he "is in pain - sick call is being denied to [him] by medical staff when [they] make their tours." *Id.* at 5.

In a letter dated January 11, 2015, Plaintiff cites a Supreme Court case for the proposition that an inmate "may seek injunctive relief based on the claim that defendant corrections officials are knowingly and unreasonably disregarding an objectively intolerable risk of harm and will continue absent a court order directing otherwise." Dkt. No. 168 at 8. Finally, Plaintiff objects to his current placement in the general prison population due to his status as "victim prone" of being victimized by other inmates, as defined under 7 N.Y.C.R.R. § 1701.5(c)(4)(i).

## III. DISCUSSION

### A.     Standard of Review

#### *1. Review of a report-recommendation*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas*

*v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

### 2. *Motion to dismiss standard*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d

8

Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted); *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (citation omitted).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

### 3. 42 U.S.C. § 1983

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

### B. Plaintiff's motion to amend and supplement the amended complaint

On December 18, 2014, the Court received a motion from Plaintiff seeking to supplement the amended complaint, which included the proposed supplemental amended pleading. *See* Dkt. No. 158. The motion seeks to add additional claims and Defendants, several of whom are

employed at Upstate Correction Facility. *See* Dkt. No. 158-2.

" Federal Rule of Civil Procedure 15(a) provides that any time after a responsive pleading is served a party must seek leave from the court to amend a pleading. Rule 15(a) specifically states that leave shall be freely given when justice so requires." *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 284 (E.D.N.Y. 2013) (citing Fed. R. Civ. P. 15(a)). "However, in *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court stated that denial of a Rule 15(a) motion may be appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Id.* The decision to grant or deny a Rule 15(a) motion to amend is committed to the sound discretion of the district court. *See id.*

"Federal Rule of Civil Procedure 15(d) provides that a party must obtain leave from the court to supplement a pleading setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented. Rule 15(d) allows a party to supplement the complaint in order to present subsequent material that is related to the claims presented in the original complaint." *LaBarbera*, 971 F. Supp. 2d at 284 (citing *Argus, Inc. v. Eastman Kodak Co.*, 552 F. Supp. 589, 602 (S.D.N.Y. 1982); 3 Moore's Federal Practice ¶ 15.16[1], at 15176 (2d ed. 1982)). Matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading. *See id.* (citing 3 Moore's Federal Practice ¶ 15.16[3], at 15183 (2d ed. 1989)). As with Rule 15(a), the decision to grant or deny a Rule 15(d) motion is within the sound discretion of the district court. *See id.*

In the present matter, the Court finds that Plaintiff should not be permitted to supplement and amend his amended complaint. Plaintiff commenced this action on January 17, 2012,

alleging violations that occurred exclusively at Shawangunk C.F. *See* Dkt. No. 1. Then, on June

28, 2012, the Court received Plaintiff's eighty-one (81) page amended complaint. *See* Dkt. No.

27. Thereafter, Plaintiff submitted several additional motions to amend and supplement his

complaint. In a Decision and Order dated February 13, 2013, this Court denied the motions on

several grounds. *See* Dkt. No. 98. First, the Court noted that the motions failed to comply with

Local Rule 7.1(a)(4) in that it was not a complete, cohesive pleading, but rather a piecemeal

compilation of prior submissions. *See id.* at 7-8. The Court found it to be an unreasonable task to

ask the Court and Defendants to attempt to interpret and respond to such a pleading. *See id.*

Additionally, the Court noted that the proposed amended pleading sought to add claims relating to

events that occurred at Upstate C.F. and were unrelated to the claims and Defendants in this

action.

For many of the same reasons discussed in its February 13, 2013 Decision and Order, the

Court finds Plaintiff's motion to amend and supplement his amended complaint must be denied.

First, the proposed supplemental amended complaint is not a complete submission. In fact, in a

letter dated January 11, 2015, Plaintiff indicates that he "merely submitted the 'supplemental'

amended complaint as to be attached" to the amended complaint and admits that he "<u>did not</u>

submit the '<u>supplemental amended complaint</u>' to supercede the . . . amended complaint; but, to be

an added attachment to the . . . amended complaint." Dkt. No. 168 at 2-3 (emphasis in original).

Additionally, permitting supplementation and amendment at this point, nearly three years

after Plaintiff commenced this action would be unduly prejudicial and would cause undue delay

in the resolution of this action. *See Lopez v. Smiley*, 375 F. Supp. 2d 19, 30 (D. Conn. 2005).

Finally, permitting amendment Plaintiff to amend and supplement to add claims and Defendants

entirely unrelated to the claims in this case would be inappropriate. *See Klos v. Haskell*, 835 F.

Supp. 710, 715-16 (W.D.N.Y. 1993), *aff'd*, 48 F.3d 81 (2d Cir. 1995) (denying motion to supplement the complaint to include claims occurring at subsequent correctional facility).

## C.      Personal involvement

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). "'[W]hen monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.'" *Id*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.)).

Courts have repeatedly found personal involvement is not established when a supervisory official receives letters regarding a plaintiff's grievances and simply refers that grievance to other personnel for investigation. *See Vega v. Artus*, 610 F. Supp. 2d 185, 199 (N.D.N.Y. 2009); *see also Sealy v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). Rather, personal involvement must be established by either proving (1) the defendant directly participated in the alleged conduct; (2) the defendant knew of the circumstances establishing the complaint and failed to remedy the situation; (3) the defendant created a policy that allowed the unconstitutional practice; (4) the defendant acted grossly negligent; or (5) the defendant demonstrated deliberate indifference to the rights of the plaintiff by not acting on the plaintiff's complaints. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

In his Report-Recommendation, Magistrate Judge Baxter found that Plaintiff has not adequately alleged that Defendants Fischer, LeClaire, and Maly should be dismissed because Plaintiff failed to adequately allege that they were personally involved in any constitutional

violations. *See* Dkt. No. 155 at 6-11. In his objections, Plaintiff simply repeats arguments that he made in response to Defendants' motion to dismiss and which were properly rejected by Magistrate Judge Baxter. *See Harnett v. Barr*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008); *Burton v. Lynch*, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009).

Having reviewed the Report-Recommendation and Plaintiff's submissions, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff failed to allege facts plausibly suggesting that Defendants Fischer, Maly and LeClaire were personally involved in the alleged constitutional deprivations.

**D.        Conspiracy**

The amended complaint alleges that Defendants conspired to "discriminate, harass, and retaliate" against Plaintiff by pursuing false disciplinary charges against him over a period of more than one year. *See* Dkt. No. 27 at 8. Magistrate Judge Baxter agreed with Defendants that this claim should be dismissed under the "intracorporate conspiracy doctrine." Dkt. No. 155 at 22-25.

The intra-corporate conspiracy doctrine, which applies to conspiracy claims pursuant to both 42 U.S.C. § 1983, *see Dilworth v. Goldberg*, No. 10 Civ. 2224, 2012 WL 4017789, *30 (S.D.N.Y. Sept. 13, 2012); *Anemone v. Metropolitan Transportation Authority*, 419 F. Supp. 2d 602, 603-04 (S.D.N.Y. 2006), and 42 U.S.C. § 1985, *see Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978), "posits that officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other." *Jefferson v. Rose*, 869 F. Supp. 2d 312, 317-18 (E.D.N.Y. 2012) (quotations and citations omitted); *see also Smith v. Town of Hempstead Department of Sanitation Sanitary*

*District No. 2*, 798 F. Supp. 2d 443, 461 (E.D.N.Y. 2011) (citation omitted). The intra-corporate conspiracy doctrine "extends to public corporate bodies, including municipalities." *Nimkoff v. Dollhausen*, 751 F. Supp. 2d 455, 466 (E.D.N.Y. 2011) (citation omitted); *see also Michael v. County of Nassau*, No. 09-cv-5200, 2010 WL 3237143, *5 (E.D.N.Y. Aug. 11, 2010) (holding that the intra-corporate conspiracy doctrine applies to municipalities).

Contrary to Plaintiff's conclusory objections, Magistrate Judge Baxter correctly determined that the intra-corporate conspiracy doctrine mandates dismissal of Plaintiff's conspiracy claims. The allegations in the amended complaint and Plaintiff's objections make clear that all Defendants were employed by the same public entity and that they were working in the scope of their public employment during the alleged unconstitutional conduct. *See Richard v. Fischer*, ___ F. Supp. 2d ___, 2014 WL 3974158, *8-*9 (W.D.N.Y. 2014) (applying the intracorporate conspiracy doctrine to bar the plaintiff's conspiracy claims brought against DOCCS employees who were acting within the scope of their employment during the alleged unconstitutional conduct).

Having reviewed this claim and Magistrate Judge Baxter's Report-Recommendation, the Court finds that Magistrate Judge Baxter correctly determined that Defendants' motion to dismiss as to Plaintiff's conspiracy claims should be granted.

**E.      Preliminary injunctive relief**

*1. Governing Legal Standard*

A party seeking injunctive relief must demonstrate 1) irreparable harm; and 2) either a) a likelihood of success on the merits of the claims, or b) existence of serious questions going to the merits of the claims, and a balance of hardships tipping decidedly in the moving party's favor.

*See D.D. ex rel. V.D. v. N.Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted).  "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-012E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

A higher standard than ordinarily required must be met "where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act." *Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (citation omitted).  To meet such a higher standard, the moving party must "show[] 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from a denial of the injunction." *Id.* at 133 (other citations omitted).  Additionally, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47, 114 S. Ct. 1970, 1983-84, 128 L. Ed. 2d 811 (1994)) (other citations omitted).

Finally, when a party seeks preliminary injunctive relief, "the relief . . . must relate to the allegations contained in the underlying complaint." *McAllister v. Goord*, No. 9:06-CV-0442, 2009 WL 5216953, *2 (N.D.N.Y. Dec. 30, 2009) (internal citations omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. Appx. 57, 58 (2d Cir. 2011) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).  Speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983).  Rather, a plaintiff seeking to

satisfy the irreparable harm requirement must demonstrate that "'absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.'" *Bisnews AFE (Thailand)*, 437 Fed. Appx. at 58 (quoting *Faiveley*, 559 F.3d at 118).

### 2. Analysis

In the first request, Plaintiff contends that "Defendants are refusing [to place him in protective custody] so that [he] can get physically assaulted[,]" and that he "is in danger" and has "been forced to live . . . where enemies are." Dkt. No. 161 at 3. However, these claims are entirely speculative and relate to possible future injury, and therefore are not sufficient to show irreparable harm.[2] *Salvatierra v. Connolly*, No. 09 Civ. 3722, 2010 WL 5480756, *24 (S.D.N.Y. Sept. 1, 2010) ("Plaintiff's general fear of future retaliation by Defendants is too speculative to warrant injunctive relief") (citation omitted), report and recommendation adopted by 2011 WL 9398 (S.D.N.Y. Jan. 3, 2011); *Ward v. LeClaire*, No. 9:07–CV–0026, 2007 WL 1532067, *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement. Although Plaintiff claims that he will face future threats and harassment, Plaintiff cannot claim with any certainty how, when, or where he will be retaliated against, or that the retaliation will result in irreparable harm to Plaintiff") (citation omitted).

In his second request, Plaintiff alleges "Defendants Keys, Sarkowicz, Korines, and co-working 'friends'" threatened his life and threatened to break his neck. Dkt. No. 163 at 2. There

---

[2] The Court agrees with Defendants' response to Plaintiffs request that "Plaintiff's allegations in all three motions are purely speculative[,]" and that his "issues . . . should be addressed through administrative channels . . . ." Dkt. No. 166 at 2.

are no Defendants by the names of Sarkowicz and Korines in this lawsuit, and therefore this

Court has no power to enforce an injunction based on their conduct. Fed. R. Civ. P. 65(d). In

regard to Defendant Keys, "allegations of future injury without more do not establish a real threat

of injury." *Slacks v. Gray*, No. 9:07-CV-0510, 2008 WL 2522075, *1 (N.D.N.Y. June 25, 2008)

(citation omitted). Plaintiff has not alleged a real threat of injury, and any future threats should be

reported to prison staff, so as not to "immerse the federal judiciary in the management of state

prisons." *Fischer*, 981 F. Supp. at 167.

Plaintiff also seeks an order against "further retaliation resulting from this lawsuit." Dkt.

No. 163 at 1. Plaintiff's repeated requests for this type of relief are entirely conclusory and far too

speculative to meet the irreparable harm standard. *See Ward v. LeClaire*, No. 9:07-cv-26, 2007

WL 1532067, *2 (N.D.N.Y. May 24, 2007) ("Although Plaintiff claims that he will face future

threats and harassment, Plaintiff cannot claim with any certainty how, when, or where he will be

retaliated against, or that the retaliation will result in irreparable harm to Plaintiff").

In his third request for injunctive relief and sanctions, Plaintiff again asks the Court to

order Defendants to transfer him to a different facility because of Defendants' alleged conduct.

*See* Dkt. No. 164. Plaintiff alleges that, absent a transfer, he will suffer physical harm but claims

that he does not feel comfortable providing more detail because he fears that his letter will be

intercepted and not reach the Court. *See id.* at 2-3. Again, these conclusory assertions regarding

speculative future threats and injury are insufficient to establish irreparable harm. *See Fischer*,

981 F. Supp. at 167.[3]

---

[3] Throughout the course of this litigation, Plaintiff has filed no less than eighteen (18) separate applications seeking injunctive relief. *See* Dkt. Nos. 7, 54, 64, 67, 71, 80, 83, 95, 101, 112, 121, 122, 123, 132, 161, 163, 164, & 167. The vast majority of these applications discuss the same conclusory allegations and speculation regarding threats to his physical safety.

(continued...)

Plaintiff requests additional sanctions and restates his request for a TRO based on the alleged conduct of C.O. Stokes, who Plaintiff claims threw him out of his wheelchair, and then proceeded to punch and slap him in the face. Dkt. Nos. 167 & 168. Plaintiff claims that "nearby Defendants" witnessed C.O. Stokes engage in this conduct. *See id.* at 7. Again, any sought after relief against C.O. stokes must fail because he is not a party to this action. Further, Plaintiff's conclusory assertion that "nearby Defendants" witnessed this conduct is insufficient to warrant the Court granting the requested relief for this alleged past harm.

Finally, the Court also finds that Plaintiff is not entitled to the requested relief because he has made no showing that he is likely to succeed on the merits of his underlying claims.

Based on the foregoing, the Court denies Plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 161, 163, 164, 167 & 168).

**F.        Request for sanctions against Defendants**

Included in his motions seeking injunctive relief, Plaintiff "request[s] that [Defendants] are sanctioned $10,000.00 a day" for failing to place Plaintiff in protective custody. *See, e.g.*, Dkt. No. 161 at 4. Plaintiff has not specified the legal basis for the motion for sanctions.

Sanctions may be imposed against a party to an action under Fed. R. Civ. P. 11 ("Rule 11") or 37 ("Rule 37"), 28 U.S.C. § 1927, or the Court's inherent power, none of which are applicable here. In particular, Rule 11, by its terms, is the vehicle by which sanctions may be obtained in connection with the filing in court of pleadings, motion papers, or other documents

---

[3](...continued)
Noticeably lacking from these applications, which span almost three years, is any indication that Plaintiff has actually been subjected to any physical violence during his time at Shawangunk, that in any way relates to this litigation.

that are baseless, filed in bad faith, or intended to harass, unnecessarily delay, or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)-(c). Since Plaintiff does not seek sanctions based on any pleadings, motion papers, or other documents filed by Defendants in this action, Rule 11 provides no basis for the requested sanctions.

Sanctions against a party are also available under Rule 37(b) for failing to comply with a court order or to respond to discovery. *See* Fed. R. Civ. P. 37(b). Again, this rule provides no basis for the requested relief. Sanctions may also be ordered under 28 U.S.C. § 1927 against "an[y] attorney or other party admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously[.]" Accordingly, by its terms, section 1927 applies to attorneys and parties "admitted to conduct cases" in a federal court. Since they are not attorneys, sanctions under section1927 are not available as against Defendants.

Finally, the Court finds that there is no basis to support invoking the Court's inherent power to sanction Defendants based on the alleged conduct. Rather, a careful reading of Plaintiff's requests for sanctions establishes that Plaintiff, rather than seeking true sanctions, offers argument in support of what may become Plaintiff's damages should he ultimately succeed in this action.

Based on the foregoing, Plaintiff's motions for sanctions are denied.


**G.      Plaintiff's appeals**

Plaintiff has appealed several orders issued by Magistrate Judge Baxter. *See* Dkt. Nos. 144, 149, 153 and 154. In his first appeal, Plaintiff argues that Magistrate Judge Baxter should have sanctioned Defendants for failing to submit a responsive pleading by a certain date and that a motion to dismiss is not a responsive pleading. *See* Dkt. No. 144 at 2-3. Contrary to Plaintiff's

assertions, the Rule 12(a)(4) of the Federal Rules of Civil Procedure, a motion to dismiss resets the time for filing the defendant's responsive pleading as follows: "if the court denies the motion . . . , the responsive pleading must be served within 14 days after notice of the court's action[.]" Since the Court had not acted on Defendants' motion to dismiss until the filing of this Memorandum-Decision and Order, Defendants were in compliance with Magistrate Judge Baxter's order. Moreover, Magistrate Judge Baxter was well within his authority to rescind his previous order requiring Defendants to respond to Plaintiff's motion for sanctions and to *sua sponte* deny that motion as frivolous, which it was.

Next, Plaintiff appeals Magistrate Judge Baxter's May 27, 2014 Decision and Order in which he denied Plaintiff's fifth motion to amend the amended complaint. *See* Dkt. Nos. 147 & 149. Magistrate Judge Baxter properly denied that motion based on Plaintiff's failure to attached a proposed amended pleading or to include any factual support for the claims and defendants Plaintiff was seeking to add. *See* N.D.N.Y. L.R. 7.1(a)(4).

In a submission dated August 9, 2014, Plaintiff appeals Magistrate Judge Baxter's Text Order denying his motion to preserve and compel Defendants to turn over a video tape of an incident unrelated to the facts of this case. *See* Dkt. Nos. 152 & 153. As Magistrate Judge Baxter correctly determined, the video in question is entirely unrelated to the present matter as it allegedly captures the actions of a non-defendant on June 26, 2014, long after this action was filed. Moreover, the video tape in question allegedly depicts the actions of a corrections officer at Five Points C.F., while the conduct relevant to this case allegedly occurred at Shawangunk C.F.[4]

---

[4] Plaintiff claims that he is seeking this video because he is concerned that Defendants and other corrections officers are tampering with his mail and that it is not reaching the Court. *See* Dkt. No. 151 at 1-2. One need only glance at the docket in this matter and in the numerous other cases Plaintiff has commenced to know that the vast majority, if not all of Plaintiff's submissions

(continued...)

Finally, in a letter dated October 1, 2014, Plaintiff again asks the Court to sanction Defendants for their failure to file a responsive pleading. *See* Dkt. No. 154. For the reasons discussed above, Plaintiff's appeal is denied as frivolous.

Based on the foregoing, the Court denies Plaintiff's appeals (Dkt. Nos. 144, 149, 153 and 154).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Baxter's Report-Recommendation and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's November 17, 2014 Report-Recommendation is **Adopted** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 134) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** as to Defendants Fischer, Maly, and LeClaire, and as to Plaintiff's conspiracy claim; and the Court further

**ORDERS** that Defendants' motion to dismiss is otherwise **DENIED**; and the Court further

**ORDERS** that Plaintiff's motions for injunctive relief and for sanctions (Dkt. Nos. 161, 163, 164 & 167) are **DENIED**; and the Court further

**ORDERS** that Plaintiff's appeals (Dkt. Nos. 144, 149, 153 & 154) are **DENIED**; and the

---

[4](...continued)
to the Court, have actually been mailed to the Court. Despite the fact that this case has not yet progressed beyond the motion to dismiss stage, there are nearly 170 docket entries in this matter, the vast majority of which are submissions by Plaintiff.

Court further

      **ORDERS** that Plaintiff's motion to amend/supplement his amended complaint (Dkt. No. 158) is **DENIED**; and the Court further

      **ORDERS** that all future pretrial matters are referred to Magistrate Judge Baxter; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge